MOSES WATTS v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 2 December, 1914.)

**Negligence—Contributory Negligence—Trials—Evidence—Nonsuit.**

It appearing from the evidence in this case that an alderman of the city of Charlotte and an employee of an oil company there, in his endeavor to relieve the city from a "water famine" by the use of trains of the defendant railroad company tendered by the defendant to the city for the purpose, and the use of the oil company's tanks, hired hands and organized a force to pump the water into the tanks for transportation over the defendant's road; and the plaintiff, so employed, but when off duty, went up the road a short distance, and to get out of the rain then falling went under an empty box car placed on a siding frequently in use, and while sitting there was injured by a freight train backing into the car he was under, without signal or warning. Apart from the question of the breach of any duty owed by the defendant to the plaintiff, it is held that the latter's contributory negligence continuing to the time of impact, barred his recovery as a matter of law, and defendant's motion for nonsuit was properly granted.

APPEAL by plaintiff from *Adams, J.,* at May Term, 1914, of MECK-LENBURG.

Civil action to recover damages for physical injury caused by alleged negligence on the part of the defendant railroad company.

At close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff, having duly excepted, appealed.

*W. M. Wilson and Stewart & McRae for plaintiff.*
*Cansler & Cansler for defendant.*

HOKE, J. After carefully considering the record, the Court is of opinion that his Honor took a correct view of the evidence in entering a judgment of nonsuit. It appeared that in August, 1911, there was a "water famine" in the city of Charlotte, and the defendant road tendered its trains to the city for the purpose of hauling water from the Catawba River to relieve this condition, the city paying the operating expenses; that a Mr. Thompson, alderman and chairman of the finance committee of the city of Charlotte and an employee of the Southern Cotton Oil Mill, undertook the active management of the relief effort, procured tanks from the oil company and, hiring hands, organized a force to pump the water into the tanks for transportation over defendant road; that plaintiff was employed by this Mr. Thompson, either for the oil company or for the city, and was a part of the night force engaged in pumping the water into the cars; that some time during the day, when he was off duty, he and a comrade went up the road a short distance, and, in order to get out of a rain which had commenced falling, he and his associate

went under an empty box car, on the siding at Mount Holly, sat down on the track, and, while sitting there, a freight train, without signal warning, backed onto this siding, struck the car under which plaintiff was sitting, knocking same back on plaintiff and cutting off his leg. There was evidence that the man who changed switch when the freight train backed onto the siding, if he had looked, might have seen plaintiff's legs, which were stretched out over the track, and the testimony showed further that the freight trains going east and west usually stopped and used this side-track every day when engaged in shifting and loading and unloading at Mount Holly station.

On this, the evidence chiefly relevant, and putting aside the view insisted on, that no breach of duty by defendant has been shown towards the plaintiff, we think the nonsuit must clearly be sustained by reason of plaintiff's own negligence, existent to the very time of the impact; for, according to his statement, he was under the car for his own purposes, on a live track, engaged in the performance of no duty whatever, awake and in full possession of his faculties, and utterly inattentive to his own safety to the very time of the injury.

If it be conceded that defendant was negligent in backing on the siding without signal, the case presents a typical case of contributory negligence, concurring with that of plaintiff and barring his claim for damages. *Ward v. R. R., ante,* 148.

There is no error, and the judgment of nonsuit is

Affirmed.